## United States District Court

## Eastern District of Michigan
### Southern Division

LEDA REED

CASE No.         18-10427

Hon.

Plaintiff,

v.

THE CITY OF DETROIT, OFFICER TRACY MORENO, OFFICER ROBIN CARVER, OFFICER ERIC CARTHAN,
Detroit Police Officers, in their official capacities and individually, jointly and severally.

Defendants.

| CRYSTAL B. OLMSTEAD (P69202) | HERBERT A. SANDERS (P43031) |
|---|---|
| City of Detroit Legal Department | Attorney for Plaintiff |
| Attorney for Defendants | 615 Griswold St, Ste. 913 |
| 2 Woodward Ave., 5th Floor | Detroit MI 48226 |
| Coleman A. Young Municipal Ctr. | (313) 962-0099 |
| Detroit, MI 48226 | haslawpc@gmail.com |
| (313) 237-5035 | |
| olmsteadc@detroitmi.gov | |

## NOTICE OF REMOVAL TO THE
## UNITED STATES DISTRICT COURT

Under 28 U.S.C. ' 1441, Defendants Carthan, Carver, Moreno and City of Detroit remove this civil action predicated upon the following:

1.  On August 18, 2017, plaintiff commenced this action in the Third Judicial Circuit of Michigan.  This action is now pending before that court.

2.  Defendant Moreno was served with the summons and complaint on or about January 26, 2018.

3.  Defendant Carthan was served with the summons and complaint on or about January 25, 2018.

4.  Defendant Carver was served with the summons and complaint on or about January 24, 2018.

5.  Defendant City of Detroit was served with the summons and complaint on or about January 18, 2018.

6.  The above entitled action is a civil suit allegedly arising, in part, from a violation or deprivation of rights under the United States Constitution, as more fully appears in the copy of the complaint attached to this notice.

7.  This Court has original jurisdiction of the above-entitled action under 28 U.S.C. ' 1331 and removal of the action to this Court is proper under 28 U.S.C. § 1441(a) and (c).

8.  Under 28 U.S.C. ' 1441(c) this action is removed in its entirety to this Court.

9.  Copies of all process, pleadings, and orders served upon the defendants in this matter are attached.

10. This notice is timely, having been filed within thirty days after service of Summons and Complaint upon the defendants.

11. The undersigned has prepared a written notice of notice of the removal of this action.  Promptly after filing this Notice of Removal the undersigned will file a copy with the clerk of the court from which this action is removed, and provide a copy to counsel of record by first class mail and email.

12. Based upon the authorities and facts recited above, defendants remove the above-entitled action to this Court.

City of Detroit,

/s/ Crystal B. Olmstead

_____

Crystal B. Olmstead  P69202
City of Detroit Law Department
Attorneys for Defendants
Two Woodward Avenue, 5th Floor
Coleman A. Young Municipal Center
Detroit, Michigan  48226
(313) 237-3057
(313) 237-5035
nosej@detroitmi.gov
olmsteadc@detroitmi.gov

Dated: February 5, 2018

### Certificate of Service

The undersigned certifies that on **February 5, 2018** he served the foregoing papers upon the above named counsel of record by  U.S. Mail and the True Filing System.

/s/ Crystal B. Olmstead

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>17-017765-NO<br>Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226

Court Telephone No. 313-224-6889

| Plaintiff<br><br>Reed, Leda | v | Defendant<br><br>Moreno, Tracy |
|---|---|---|
| Plaintiff's Attorney<br><br>Herbert A. Sanders 43031<br>615 Griswold St Ste 913<br>Detroit, MI 48226-3984 | | Defendant's Attorney |

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>12/19/2017 | This summons expires<br>3/20/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____        _____
Date                                                    Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01 (5/15) SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C)(2)(a),(b), MCR 3.206(A)



| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | PROOF OF SERVICE | CASE NO<br>17-017765-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ **OFFICER CERTIFICATE** | **OR** | ☐ **AFFIDAVIT OF PROCESS SERVER** |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint,
together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee<br>$ | Miles traveled<br>$ | Mileage fee<br>$ | Total fee<br>$ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
Date

My commission expires: _____ Signature: _____
Date Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
Attachments

_____ on _____
Day, date, time

_____ on behalf of _____
Signature

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 17-017765-NO Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                    Court Telephone No. 313-224-6889

| **Plaintiff** Reed, Leda | v | **Defendant** Carthan, Eric |
|---|---|---|
| **Plaintiff's Attorney** Herbert A. Sanders 43031 615 Griswold St Ste 913 Detroit, MI 48226-3984 | | **Defendant's Attorney** |

**SUMMONS** **NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 12/19/2017 | This summons expires 3/20/2018 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains       ☐ is no longer pending.       The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains       ☐ is no longer pending.  The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____          _____
Date                                              Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)



| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO 17-017765-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

| ☐ OFFICER CERTIFICATE | OR | ☐ AFFIDAVIT OF PROCESS SERVER |
|---|---|---|
| I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required) | | Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required) |

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
_____List all documents served with the Summons and Complaint_____

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|
| | | | | Name (type or print) |
| | | | | Title |

Subscribed and sworn to before me on _____ , _____ County, Michigan.
_____Date_____

My commission expires: _____ Signature: _____
_____Date_____ _____Deputy court clerk/Notary public_____

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
_____Attachments_____

_____ on _____
_____Day, date, time_____

_____ on behalf of _____
Signature

BREC BPS Rev 1-24-18
Rev 1-24-18

| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO 17-017765-NO Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226        Court Telephone No. 313-224-6889

| **Plaintiff** Reed, Leda | v | **Defendant** Carver, Robin |
|---|---|---|
| **Plaintiff's Attorney** Herbert A. Sanders 43031 615 Griswold St Ste 913 Detroit, MI 48226-3984 | | **Defendant's Attorney** |

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued 12/19/2017 | This summons expires 3/20/2018 | Court clerk File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____    _____
Date            Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01 (5/15) SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)



| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO 17-017765-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

### CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**          **OR**          ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that:          (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
|  |  |  |
|  |  |  |

I declare that the statements above are true to the best of my information, knowledge and belief

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____ , _____ County, Michigan.
                                                    Date

My commission expires: _____   Signature: _____
                              Date                                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

### ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                                                                                    Attachments

_____ on _____
                              Day, date, time

_____ on behalf of _____
Signature

| STATE OF MICHIGAN<br>THIRD JUDICIAL CIRCUIT<br>WAYNE COUNTY | SUMMONS AND COMPLAINT | CASE NO<br>17-017765-NO<br>Hon. Martha M. Snow |
|---|---|---|

2 Woodward Ave., Detroit MI 48226                                   Court Telephone No. 313-224-6889

| **Plaintiff** | **Defendant** |
|---|---|
| Reed, Leda | The City of Detroit |
| **Plaintiff's Attorney** | **Defendant's Attorney** |
| Herbert A. Sanders 43031<br>615 Griswold St Ste 913<br>Detroit, MI 48226-3984 | |

RECEIVED
JAN 1 8 2018
CITY OF DETROIT
LAW DEPARTMENT
LITIGATION DIVISION

**SUMMONS NOTICE TO THE DEFENDANT:** In the name of the people of the State of Michigan you are notified:
1. You are being sued.
2. **YOU HAVE 21 DAYS** after receiving this summons to **file a written answer with the court** and serve a copy on the other party **or take other lawful action with the court** (28 days if you were served by mail or you were served outside this state). (MCR 2.111[C])
3. If you do not answer or take other action within the time allowed, judgment may be entered against you for the relief demanded in the complaint.

| Issued<br>12/19/2017 | This summons expires<br>3/20/2018 | Court clerk<br>File & Serve Tyler |
|---|---|---|

*This summons is invalid unless served on or before its expiration date. This document must be sealed by the seal of the court

**COMPLAINT** *Instruction: The following is information that is required to be in the caption of every complaint and is to be completed by the plaintiff. Actual allegations and the claim for relief must be stated on additional complaint pages and attached to this form.*
☐ This is a business case in which all or part of the action includes a business or commercial dispute under MCL 600.8035.
**Family Division Cases**
☐ There is no other pending or resolved action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties.
☐ An action within the jurisdiction of the family division of the circuit court involving the family or family members of the parties has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer pending.   The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**General Civil Cases**
☐ There is no other pending or resolved civil action arise out of the same transaction or occurrence as alleged in the complaint.
☐ An civil action between these parties or other parties arising out of the transaction or occurrence alleged in the complaint has been previously filed in _____ Court.
The action ☐ remains  ☐ is no longer pending. The docket number and the judge assigned to the action are:

| Docket no. | Judge | Bar no. |
|---|---|---|
| | | |

**VENUE**

| Plaintiff(s) residence (include city, township, or village) | Defendant(s) residence (include city, township, or village) |
|---|---|
| Place where action arose or business conducted | |

_____          _____
Date                              Signature of attorney/plaintiff

If you require special accommodations to use the court because of a disability or if you require a foreign language interpreter to help you fully participate in court proceedings, please contact the court immediately to make arrangements.

**MC 01** (5/15) **SUMMONS AND COMPLAINT** MCR 2.102(B)(11), MCR 2.104, MCR 2.105, MCR 2.107, MCR 2.113(C) (2)(a),(b), MCR 3.206(A)



| STATE OF MICHIGAN THIRD JUDICIAL CIRCUIT WAYNE COUNTY | PROOF OF SERVICE | CASE NO 17-017765-NO |
|---|---|---|

**TO PROCESS SERVER:** You are to serve the summons and complaint not later than 91 days from the date of filing or the date of expiration on the order for second summons. You must make and file your return with the court clerk. If you are unable to complete service you must return this original and all copies to the court clerk.

## CERTIFICATE / AFFIDAVIT OF SERVICE / NONSERVICE

☐ **OFFICER CERTIFICATE**    **OR**    ☐ **AFFIDAVIT OF PROCESS SERVER**

I certify that I am a sheriff, deputy sheriff, bailiff, appointed court officer, or attorney for a party (MCR 2.104[A][2]), and that: (notarization not required)

Being first duly sworn, I state that I am a legally competent adult who is not a party or an officer of a corporate party, and that: (notarization required)

☐ I served personally a copy of the summons and complaint,

☐ I served by registered or certified mail (copy of return receipt attached) a copy of the summons and complaint, together with _____
List all documents served with the Summons and Complaint

_____

_____ on the defendant(s):

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

☐ I have personally attempted to serve the summons and complaint, together with any attachments, on the following defendant(s) and have been unable to complete service.

| Defendant's name | Complete address(es) of service | Day, date, time |
|---|---|---|
| | | |
| | | |

I declare that the statements above are true to the best of my information, knowledge and belief.

| Service fee $ | Miles traveled $ | Mileage fee $ | Total fee $ | Signature |
|---|---|---|---|---|

Name (type or print)

Title

Subscribed and sworn to before me on _____, _____ County, Michigan.
                              Date

My commission expires: _____ Signature: _____
              Date                        Deputy court clerk/Notary public

Notary public, State of Michigan, County of _____

## ACKNOWLEDGMENT OF SERVICE

I acknowledge that I have received service of the summons and complaint, together with _____
                                                    Attachments

_____ on _____
               Day, date, time

_____ on behalf of _____

Signature

JP

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LEDA REED, as the Personal
Representative of the Estate of
ANTHONY DEMONE CLARK-REED,

      Plaintiff,

                             Case No.  NO
                             Honorable:

-vs-

THE CITY OF DETROIT, a Michigan
Municipal Corporation, OFFICER
TRACY MORENO, OFFICER
ROBIN CARVER, OFFICER ERIC CARTHAN,
in their Official capacities and individually,
Jointly & Severally,

      Defendants.              /

17-017765-NO

FILED IN MY OFFICE
WAYNE COUNTY CLERK
12/19/2017 8:27:51 AM
CATHY M. GARRETT

Herbert A. Sanders (P43031)
The Sanders Law Firm, P.C.
Attorney for Plaintiff
The Ford Building
615 Griswold St., Ste. 913
Detroit, MI 48226
(313) 962-0099
haslawpc@gmail.com
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

There is no other civil action between these parties arising out of the same transaction or occurrence as alleged in this complaint pending in this court, nor has any such action been previously filed and dismissed or transferred after having been assigned to a judge, nor do I know of any other civil action, not between these parties, arising out of the same transaction or occurrence as alleged in this complaint that is either pending or was previously filed and dismissed, transferred or otherwise disposed of after having been assigned to a judge in this court.

NOW COMES Plaintiff, Leda Reed, as the Personal Representative of the Estate

of Anthony Demone Clark-Reed, by and through his attorney, Herbert A. Sanders of THE

1

SANDERS LAW FIRM, P.C., and in support of her Complaint against the above-named Defendants, respectfully states as follows:

## PRELIMINARY STATEMENT, JURISDICTION AND VENUE

1.  This is a civil rights action in which Plaintiff, seeks relief for Defendants' violations of Decedent Anthony Demone Clark-Reed's rights secured by the Civil Rights Act of 1871, 42 U.S.C. § 1983, by the Fourth and Fourteenth Amendments to the United States Constitution, and by the laws and Constitution of the State of Michigan. Plaintiff seeks compensatory and punitive damages, an award of costs, interest and attorney's fees, and such other and further relief as this Court deems just and proper.

2.  The amount in controversy exceeds TEN MILLION DOLLARS ($10,000,000), exclusive of interest, cost and attorney fees.

## JURY DEMAND

3.  Plaintiff demands a trial by jury on each one of the claims as pleaded herein.

## PARTIES

4.  Plaintiff Leda Reed is the appointed personal representative of the estate of Plaintiff Decedent Anthony Demone Clark-Reed.

5.  At all times relevant to this action, Plaintiff Decendent Anthony Demone Clark-Reed was a resident of the City of Detroit, County of Wayne, State of Michigan.

6.  At the time of the occurrence, Mr. Clark-Reed was approximately 6' tall, weighed over 300 lbs, and suffered from severe asthma.

7.  At all times relevant, Defendant CITY OF DETROIT was and is a municipal corporation located in Wayne County, Michigan operating under, and subject to, the Constitution and laws of the State of Michigan and the United States.

2

8. At all times relevant, Defendant CITY OF DETROIT created, formed, staffed, operated, controlled, and supervised the Detroit Police Department, a municipal law enforcement agency authorized and existing under the laws of the State of Michigan.

9. At all times relevant, Defendant OFFICER TRACY MORENO (hereinafter "MORENO"), was employed by the City of Detroit Police Department, was acting within the scope of his/her employment with the City of Detroit Police Department, and was acting under color of law.

10. At all times relevant, Defendant OFFICER ROBIN CARVER (hereinafter "CARVER"), was employed by the City of Detroit Police Department, was acting within the scope of his/her employment with the City of Detroit Police Department, and was acting under color of law.

11. At all times relevant, Defendant OFFICER ERIC CARTHAN (hereinafter "CARTHAN"), was employed by the City of Detroit Police Department, was acting within the scope of her employment with the City of Detroit Police Department, and was acting under color of law.

12. At all times relevant, Defendants were responsible and assumed the duty to exercise reasonable care and to not act in a grossly negligent manner when acting under color of law.

### FACTUAL ALLEGATIONS

13. On or about March 30, 2015, at approximately 9:00 pm, scout 4-33, manned by Defendant Officers Moreno, Carver and Carthan observed a red 2006 Dodge driven by Plaintiff Decedent Anthony Demone Clark-Reed.

14. The vehicle was being driven westbound on West Vernor Street in Detroit.

3

15. The Officers were traveling eastbound on West Vernor Street.

16. The Officers made a U-turn and began to follow Mr. Clark-Reed.

17. Thereafter, the Officers executed the lights and siren on their vehicle and required Mr. Clark-Reed to pull his vehicle over.

18. The Officers approached the vehicle giving Mr. Clark-Reed verbal commands to roll down the windows, turn off the car and place his hands behind his head, to which he complied.

19. Defendant Moreno then forcefully pulled Mr. Clark-Reed out of the vehicle, slamming him onto the ground.

20. While on the ground, Moreno straddled Mr. Clark-Reed and handcuffed him.

21. As a result of being forced to the ground, while on the ground, Mr. Clark-Reed began to struggle to breath.

22. Eventually, the Defendant Officers lifted Mr. Clark-Reed up, and walked him while handcuffed to their car.

23. Thereafter, Mr. Clark-Reed continued to struggle with his breathing.

24. While gasping for air, Mr. Clark-Reed asked that the Officers provide him with his inhaler from within the vehicle.

25. Thereafter, Mr. Clark-Reed collapsed to the ground, and died while in the custody of the Defendant Officers.

26. The stop, detention, and arrest of Mr. Clark-Reed was without probable cause.

27. Defendants utilized excessive force in effectuating the arrest.

28. Plaintiff's case is not unique to the City of Detroit in that the Detroit Police Department has had a long-standing history of misconduct by its' officers and has failed to properly

4

train and/or supervise its employees to rectify the problem of over-zealous officers engaging in false arrest and excessive force.

29. Consequently, as a result of Defendants' actions, Plaintiff Decedent suffered significant damages including, but not limited to, severe loss of liberty, and death.

30. Plaintiff Decedent was forced to endure an illegal seizure, the loss of the natural pursuits of life, embarrassment, humiliation, economic loss, mental anguish, injury to health, death, loss of time and enjoyment of life and family, improper incarceration, and improper arrest.

31. Because the actions of the Defendant Police Officers were grossly negligent and/or intentional, they are not entitled to the defense of governmental immunity.

32. The government officials delineated herein violated clearly established constitutional rights of Plaintiff Decedent, and are therefore not subject to qualified immunity.

**COUNT I**
**FALSE ARREST**
**VIOLATION OF THE FOURTH AMENDMENT TO THE US CONSTITUTION**
**ACTIONABLE PURSUANT TO 42 USC §1983**

33. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

34. The Fourth Amendment to the U.S. Constitution states, in part: *"The right of the people to be secure in their persons, houses . . . and effects, against unreasonable . . . seizures, shall not be violated, and no warrants shall issue, but upon probable cause . . . ."*

35. Pursuant to *42 USC § 1983*:

> *Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia*

5

> *subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be liable to the party injured in an action at law, suit in equity, or other proceeding for redress . . .*

36. Plaintiff Decedent in this action is a citizen of the United States and the Defendant police officers to this claim are persons for purposes of 42 USC § 1983.

37. All individual Defendants to this claim, at all times relevant hereto, were residents of Michigan and employed by the Defendant City of Detroit as police officers.

38. All individual Defendants herein were acting under color of state law in their capacity as City of Detroit police officers and their acts and omissions were conducted within the scope of their official duties of employment. Consequently, the Defendant City of Detroit is liable for their acts.

39. The Defendant City of Detroit is also liable because of its policies, practices, and customs which led to this Complaint for violations of Plaintiff Decedent's civil rights.

40. At the time of the complained of events, Plaintiff Decedent had a clearly established Constitutional right under the Fourth Amendment to be secure in his person from unreasonable seizure. Acting individually and in concert, Defendants – through their own actions and/or policies and supervision, or lack thereof – falsely arrested and detained the Plaintiff Decedent. As such, the Defendants wrongly instituted a legal process against Plaintiff Decedent in violation of the Fourth Amendment.

41. As a result of Defendants' actions, Plaintiff Decedent was falsely arrested for crimes he did not commit. Defendants' actions of manufacturing evidence against Plaintiff Decedent to justify Plaintiff Decedent's arrest and detention is a clear violation of established law and no reasonable police officer would believe Defendants' actions were lawful.

6

42. As a direct and proximate result of Defendants' conduct, Plaintiff Decedent suffered physical and emotional injury, loss of freedom, death, and other constitutionally protected rights as described above.

43. The Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Decedent.

44. As a direct and proximate result of these policies, practices, and customs, Plaintiff Decedent was deprived of his constitutionally protected rights described above and has suffered damages including, but not limited to, embarrassment and humiliation, economic loss, mental anguish, emotional distress, injury to health, loss of time and enjoyment of life and family, improper incarceration, and improper arrest.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment against all Defendants, jointly and severally, in excess of Ten Million ($10,000,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT II
### DELIBERATE INDIFFERENCE
### EXCESSIVE FORCE
### VIOLATION OF DUE PROCESS
### IN VIOLATION OF 42 U.S.C. § 1983
### AND THE 4TH AMENDMENT TO THE U.S. CONSTITUTION

45. The Plaintiff repeats and re-allege the above paragraphs of the Complaint as though fully set forth herein.

46. Defendant Police Officers actions of snatching Plaintiff Decedent out of his vehicle, slamming him onto the pavement, sitting on the Plaintiff Decedent, handcuffing him, then

7

compelling him to return to his feet, and walk to the squad car, constituted excessive force.

47. Defendant Police Officers purposely and intentionally detained, accosted, assaulted, threatened physically, intentionally inflicted emotional distress and abused the Plaintiff Decedent knowing that such use of force was unreasonable and unnecessary under the circumstances.

48. Such actions constitute a violation under color of law of Plaintiff Decedent's fundamental substantive due process rights under *42 U.S.C. § 1983* and the *Fourth and Fourteenth Amendments to the United States Constitution*.

49. Plaintiff Decedent's constitutionally protected rights that Defendants violated included his right to liberty protected in the substantive component of the Due Process Clause of the *Fourteenth Amendment*, which included personal safety, and his right to fair and equal treatment guaranteed and protected by the Equal Protection Clause of the *Fourteenth Amendment*.

50. The Defendants owed Plaintiff Decedent a duty to act prudently and with reasonable care and to otherwise avoid the use of unnecessary, unreasonable, excessive, gratuitous, and/or deadly force.

51. The Defendants owed Plaintiff Decedent a duty to be treated equally and without regard to race or color; however, Defendants breached this duty.

52. The Defendants violated Plaintiff Decedent's right to be free from punishment and deprivation of life and liberty without due process of law under the *Fourth and Fourteenth Amendments to the United States Constitution* and to be free from deliberate indifference

8

as to all of said rights, by unjustifiably detaining, accosting, assaulting, threatening, and physically abusing the Plaintiff Decedent.

53. As a direct and proximate result of each Defendants' acts and/or omissions, the Plaintiff Decedent suffered severe injury and death.

54. As a direct result of Defendants' acts, Plaintiff Decedent suffered injury and damages, including, but not limited to, physical injuries, pain, suffering, death, emotional distress, mental anguish, loss of life, lost wages, posttraumatic stress disorder, injuries to his reputation leading to pecuniary loss, humiliation, mortification, and embarrassment, all of which damages continue into the future.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment against all Defendants, jointly and severally, in excess of Ten Million ($10,000,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT III
## VIOLATION OF SUBSTANTIVE DUE PROCESS
## VIOLATIONS OF THE FOURTEENTH AMENDMENT TO THE US CONSTITUTION
## ACTIONABLE PURSUANT TO 42 USC §1983

55. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

56. The Fourteenth Amendment to the U.S. Constitution encompasses a substantive component that prohibits officials' actions that deprive rights that are implicit in the concept of "ordered liberty."

57. The false arrest, detention, manufacturing of evidence, as well as providing false testimony against a Defendant in order to justify an arrest "shocks the conscience" and upsets the balance of "ordered liberty."

58. Defendants, through their own actions and/or policies and supervision, or lack thereof, violated clearly established law and no reasonable police officer would believe these actions were lawful.

59. As a direct and proximate result of Defendants' conduct, Plaintiff Decedent suffered physical and emotional injury, loss of freedom, and other constitutionally protected rights as described above.

60. The Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff Decedent.

61. As a direct and proximate result of these policies, practices, and customs, Plaintiff Decedent was deprived of his constitutionally protected rights described above and has suffered damages including, but not limited to, embarrassment and humiliation, economic loss, mental anguish, injury to health, death, loss of time and enjoyment of life and family, improper incarceration, and improper arrest and prosecution.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment in his favor against all Defendants, jointly and severally, in excess of Ten Million ($10,000,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT IV
## MUNICIPAL LIABILITY FOR CONSTITUTIONAL VIOLATIONS

10

62. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

63. The City of Detroit directly caused the constitutional violations suffered by the Plaintiff and is liable for the damages suffered by the Plaintiff as a result of the conduct of the Defendant officers. The conduct of the officers was a direct consequence of policies and practices of Defendant City of Detroit.

64. At all times relevant to this Complaint, Defendant City of Detroit, acting through its police department, had in effect policies, practices, and customs that condoned and fostered the unconstitutional conduct of the individual Defendants, and were a direct and proximate cause of the damages and injuries complained of herein.

65. At all times relevant to this Complaint, Defendant City of Detroit, acting through its police department, and through the individual Defendants, had policies, practices, customs, and usages of encouraging and/or tacitly sanctioning the arrest and conviction by any means behavior and mentality of its officers which included the manufacturing and planting of evidence on otherwise innocent individuals who may have been suspected of a crime.

66. It was the policy and/or custom of the City of Detroit to inadequately and improperly investigate citizen complaints of police misconduct and such acts were instead tolerated and, perhaps more disturbingly, encouraged by the City of Detroit.

67. It was the policy and/or custom of the City of Detroit to inadequately train, supervise and discipline its police officers, including the Defendants, thereby failing to adequately discourage further constitutional violations by its officers.

11

68. The wrongful policies, practices, customs and/or usages complained of herein demonstrate a deliberate indifference on the part of the City of Detroit to the constitutional rights of persons within the city, and were a direct and proximate cause of the violations of Plaintiff's rights alleged herein.

69. As a direct and proximate result of Defendants' conduct, Plaintiff Decedent suffered physical and emotional injury, loss of freedom, death, and other constitutionally protected rights as described above.

70. The Defendants, acting under color of state law, authorized, tolerated, ratified, permitted, or acquiesced in the creation of policies, practices, and customs, establishing a de facto policy of deliberate indifference to individuals such as Plaintiff.

71. As a direct and proximate result of these policies, practices, and customs, Plaintiff was deprived of his constitutionally protected rights described above and has suffered damages including, but not limited to, embarrassment and humiliation, economic loss, mental anguish, emotional distress, injury to health, death, loss of time and enjoyment of life and family, improper arrest and death.

WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment in his favor against all Defendants, jointly and severally, in excess of Ten Million ($10,000,000) Dollars, and award costs, interest and attorney fees, as well as punitive and/or exemplary damages.

## COUNT V
## MICHIGAN CONSTITUTIONAL CLAIMS

72. Plaintiff hereby re-alleges and reasserts the allegations set forth in each preceding paragraph and incorporates same herein by reference.

12

73. Article I, Section 17 of the Michigan Constitution of 1963 guarantees that no person shall be deprived of life, liberty or property, without due process of law.

74. The Defendants had a duty to uphold all provisions of the United States Constitution and the Michigan Constitution and protect citizens from harm.

75. That the right of due process includes the right of locomotion, to go where and do what one pleases, for either business or pleasure; and to be free from unreasonable and unwarranted violations of said freedoms without probable cause.

76. The Defendants, through their employer the City of Detroit, did intentionally, recklessly and wantonly deny the Plaintiff Decedent Due Process by:

    a. Intentionally inflicting emotional distress upon Plaintiff Decedent;

    b. Depriving Plaintiff Decedent of his right to liberty and freedom of movement by alleging false evidence and improperly arresting Plaintiff Decedent and attempting to cause criminal prosecution to ensue based on the manufactured evidence; and,

    c. Causing Plaintiff Decedent to be deprived of his liberty and life without Due Process.

77. As a direct and proximate cause of these Constitutional violations by Defendants, Plaintiff Decedent has suffered damages including, but not limited to, embarrassment and humiliation, economic loss, mental anguish, injury to health, death, loss of time and enjoyment of life and family, improper arrest and death.

    WHEREFORE, the Plaintiff respectfully requests this Honorable Court enter judgment in his favor against all Defendants, jointly and severally, in excess of Ten Million

($10,000,000) Dollars, and award costs, interest and attorney fees, as well as punitive

and/or exemplary damages.

## JURY DEMAND

Now Comes Plaintiff, by and through her attorney, and hereby demands a jury

trial in this matter.


December 18, 2017                              Respectfully Submitted,


                                              By: /s/Herbert A. Sanders
                                              Herbert A. Sanders (P43031)
                                              The Sanders Law Firm, PC
                                              The Ford Building
                                              615 Griswold St., Ste. 913
                                              Detroit, MI 48226
                                              (313) 962-0099
                                              haslawpc@gmail.com

## STATE OF MICHIGAN
## IN THE CIRCUIT COURT FOR THE COUNTY OF WAYNE

LEDA REED, as the Personal
Representative of the Estate of
ANTHONY DEMONE CLARK-REED,

        Plaintiff,

Case No. 17-017765-NO
Honorable: Martha Snow

-vs-

THE CITY OF DETROIT, a Michigan
Municipal Corporation, OFFICER
TRACY MORENO, OFFICER
ROBIN CARVER, OFFICER ERIC CARTHAN,
in their Official capacities and individually,
Jointly & Severally,

        Defendants.       /

Herbert A. Sanders (P43031)
The Sanders Law Firm, P.C.
Attorney for Plaintiff
The Ford Building
615 Griswold St., Ste. 913
Detroit, MI 48226
(313) 962-0099
haslawpc@gmail.com
                      /

## PLAINTIFF'S FIRST REQUESTS
## FOR PRODUCTION OF DOCUMENTS

**NOW COME** Plaintiffs, by and through their attorney, Herbert A. Sanders, of The Sanders Law Firm, P.C., and pursuant to the Michigan Court Rules, serve the following Requests for Production of Documents upon the Defendants.

### INSTRUCTIONS FOR ANSWERING

You are required, in responding to these requests to obtain and furnish all information available to you and any of your representatives, employees, agents, brokers, servants, or attorneys and to obtain and furnish all information that is in your possession or under your control, or in the possession or under the control of any of your representative, employees, agents, servants, or attorneys.

1

Each request which seeks information relating in any way to communication, to, from, or within a business and/or corporate entity, is hereby designated to demand, and should be construed to include, all communications by and between representatives, employees, agents, brokers and/or servants of the business and/or corporate entity.

## DEFINITIONS

1.  "You", "your" and "yourself" refer to the party to whom the following requests are addressed, and its agents, representatives, officers, directors, affiliates, predecessors and successors in interest, parents, divisions, subsidiaries, area and regional offices and employees, including persons or entities outside of the United States.

2.  "Person" means natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of organization or entity.

3.  "Identify" means when used in reference to:
    A *document*, to state separately:

    > Its description (e.g. letter, report, memorandum, etc.),
    > Its date,
    > Its subject matter,
    > The identity of each author or signer,
    > Its present location and the identity of its custodian;

    b.  An *oral* statement, communication, conference or conversation, to state separately:

    > Its date and the place where it occurred,
    > Its substance,
    > The identity of each person participating in the communication or conversation, and
    > The identity of all notes, memoranda or other documents memorializing, referring to or relating to the subject matter of the statement;

    c.  A *natural person or persons*, to state separately:

    > (1)  The full names of each person,
    > (2)  Her or her present or last known residential address, and
    > (3)  The employer of the person at the time to which the interrogatory answer is directed and the person's title or position at the time;

    d.  An *organization or entity* other than a natural person (e.g. a company, corporation, firm, association, or partnership), to state separately:

    > The full name and type of organization or entity,
    > The date and state of organization or incorporation,
    > The address of each of its principal places of business, and
    > The nature of the business conducted.

4.  "Communication "shall mean any transmission of information, the information transmitted, and any process by which information is transmitted, and shall include written communication and oral communications.

2

5.    "Document" or "documents" includes without limitation any written, typed, printed, recorded, or graphic matter, however preserved, produced or reproduced, of any type or description, regardless of origin or location, including without limitation any binder, cover note, certificate, letter, correspondence, record, table, chart, analysis, graph, schedule, report, test, study memorandum, note, list, diary, log, calendar, telex, message (including, but not limited to, inter-office and intra-office communications), questionnaire, bill, purchase order, shipping order, contract, memorandum of contract, agreement, assignment, license, certificate, permit, ledger, ledger entry, book of account, check, order, invoice, receipt, statement, financial data, acknowledgment, computer or data processing card, computer or data processing disk, computer-generated matter, photograph, photographic negative, phonograph recording, transcript or log of an such recording, projection, videotape, film, microfiche, and all other data compilations from which information can be obtained or translated, reports and/or summaries of investigations, drafts and revisions of drafts of any documents and original preliminary notes or sketches, no matter how produced or maintained, in your actual or constructive possession, custody or control, or the existence of which you have knowledge and whether prepared, published or released by you or by any other person. If a document has been prepared in several copies, or additional copies have been made, or copies are not identical (or which by reason of subsequent modification of a copy by the addition of notations or other modifications, are no longer identical), each non-identical copy is a separate document.

6.    "Relating to" means consisting of, referring to, describing, discussing, constituting, evidencing, containing, reflecting, mentioning, concerning, pertaining to, citing, summarizing, analyzing, or bearing any logical or factual connection with the matter discussed.

7.    "Claim" means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

8.    "Consulted" or "contacted" means any form of communication, e.g. oral statements, telephonic conversations or other mechanical communication including written letter or documents.

9.    "Defendants" means, Defendants, their subsidiaries, divisions, parent company, and holding company and the directors, officers, employees, agents, representatives, and others known to you to have acted on their respective behalf.

10.   "Management" or "manage" includes any act of directing, conducting, administering, controlling, or handling an identified function or duty.

11.   "During the relevant time period" shall mean a period of five years before and up to the date of the occurrence alleged.

12.   "Any" shall also mean "all" and vice versa.

13.   "And" shall mean "or" and "or shall mean "and" as necessary to call for the broadest possible answer.

## REQUESTS

3

1. The complete files relating to the defendants, including, but not limited to their personnel file, the records pertaining to duties, salary, promotions, evaluations, discipline, benefits, discharge, layoff, retirement, indemnification, and representation as it relates to the herein matter.

   **RESPONSE:**

2. The complete files relating to the Plaintiff.

   **RESPONSE:**

3. Any recording, video or otherwise of the occurrence as described in Plaintiff's Complaint.

   **RESPONSE:**

4. The names and addresses of all lay and expert witnesses whom the defendants may call at trial.

   **RESPONSE:**

4

5. Any written or recorded statement, including electronically recorded statements, pertaining to the case.

   **RESPONSE:**

6. The curriculum vitae of any expert the party may call at trial; a report by the expert; and a written description of the substance of the proposed testimony of the expert, the expert's opinion, and the underlying basis of that opinion.

   **RESPONSE:**

7. Any criminal record that the Defendants may use at trial to impeach a witness.

   **RESPONSE:**

5

8. A description of and an opportunity to inspect any tangible physical evidence that the Defendants may introduce at trial.

   **RESPONSE:**

9. Any police report and interrogation records concerning the case.

   **RESPONSE:**

10. Any plea agreement, grant of immunity, or other agreement for testimony in connection with the case.

    **RESPONSE:**

11. All documents relating to any complaints of discrimination or harassment on the basis of race alleged to have been committed by each Defendant or the respective police departments within the last 5 years.

   **RESPONSE:**

12. All documents which you intend to introduce into evidence at the trial of this case or which may be used to refresh the recollections of witnesses at depositions or trial.

   **RESPONSE:**

13. All documents containing statistical data relied on by the defendants.

   **RESPONSE:**

14. All statements and memos relating to witnesses or potential witnesses or persons contacted in connection with this case.

   **RESPONSE:**

7

15. All documents which the defendants contend support the defenses asserted in the defendants' answer or that relate to any claims asserted by the defendants.

**RESPONSE:**

16. All documents, speeches, articles, or publications by the defendants, its employees, and its agents that refer or relate to discrimination, harassment, or retaliation.

**RESPONSE:**

17. All documents reflecting all insurance policies and/or insurance coverage which defendants have or have had for any liability arising from this claim.

**RESPONSE:**

18. All other documents in the possession of the defendants that pertain to this legal action and that are not described herein.

**RESPONSE:**

19. All manuals, handbooks, policies, procedures, notices, or directives issued to the defendant to police officers as it related to their duties.

    **RESPONSE:**

20. All manuals, handbooks, policies, procedures, notices or directives issued by the defendants, pertaining to training that the defendants received.

    **RESPONSE:**

21. All manuals, handbooks, notices, or directives issued by the defendants, pertaining to supervisory responsibilities.

    **RESPONSE:**

22. All manuals, handbooks, notices, or directives issued by the defendants, pertaining to the maintenance of a safe, nondiscriminatory and non-hostile work environment.

    **RESPONSE:**

9

23. Any and all documents pertaining to job descriptions or job qualifications.

     **RESPONSE:**

24. All manuals, handbooks, notices, or directives issued by the defendants during the relevant time period pertaining to any form or type of employment-related practice, procedure or policy.

     **RESPONSE:**

25. All other manuals, handbooks, notices or directives relating to the defendants' policies, procedures or practices that pertain to this legal action and that are not described herein.

     **RESPONSE:**

26. All documents relating to the Defendants' payroll records, earning records, fringe benefits, and pension.

**RESPONSE:**

27. All documents pertaining to or relating to indemnification for each named defendant as it relates to the herein matter.

**RESPONSE:**

28. The file of each person who received the same treatment that the Plaintiff has delineated that he received in his Complaint.

**RESPONSE:**

29. All internal affairs files relating to the Plaintiff or Defendants.

**RESPONSE:**

11

30. Any notes, memoranda, or records of any kind pertaining to this cause of action.

    **RESPONSE:**

31. All documents which constitute, comment on, or reflect the facts and circumstances of any training, experience, abilities, job duties and/or job performance of each of the named Defendants.

    **RESPONSE:**

32. All documents relating to all inquiries or investigations conducted as a result of Plaintiff's claims or allegations.

    **RESPONSE:**

12

33.   All documents, including any memos, pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public that the defendants had with the plaintiff.

**RESPONSE:**

34.   All documents pertaining to any meetings, discussions, encounters, and/or conversations, whether private or public, that the defendants or any agent or employee of the defendants had regarding the Plaintiffs.

**RESPONSE:**

13

35.     All documents pertaining to the orientation or any training received by the
        Defendants during the course of employment that relate to the Defendants'
        employment practices.

        **RESPONSE:**

36.     All documents evidencing efforts to identify, and treat cognitive dissonance in
        police officers as it relates to African Americans.

        **RESPONSE:**

37.     All documents evidencing the last known home address for each of the named
        Defendants.

        **RESPONSE:**

38.     All documents evidencing the last known work location and address for each of
        the named Defendants.

        **RESPONSE:**

14

Date:  January 2, 2017

Respectfully submitted,

/s/Herbert A. Sanders
Herbert A. Sanders (P43031)
**THE SANDERS LAW FIRM, P.C.**
615 Griswold, Suite 913
Detroit, MI 48226
Phone:  (313) 962-0099
Fax:  (313) 962-0099
haslawpc@gmail.com

---

### PROOF OF SERVICE

The undersigned certifies that on January 3, 2018, a copy of the foregoing instrument was served upon the Court and the attorneys of record of all parties to the above cause by electronic filing and/or email and/or first class mail of same to them at their respective business addresses as disclosed by the pleadings of record herein.  I declare that the statement above is true to the best of my information, knowledge and belief.


/s/Herbert A. Sanders
**Herbert A. Sanders**

---

15